UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTETO GRANADA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ARS NATIONAL SERVICES, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 1:20-cv-03587<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes CRISTETO GRANADA ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of himself and all others similarly situated, complaining as to the conduct of ARS NATIONAL SERVICES, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of himself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

Case: 1:20-cv-03587 Document #: 1 Filed: 06/18/20 Page 2 of 9 PageID #:2

## PARTIES

4. Plaintiff is a 64 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Skokie, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because he is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant is a debt collection agency holding itself out as "a proven leader in the account receivables management industry."[1] Defendant is a corporation organized under the laws of the state of California with its principal place of business located at 201 West Grand Avenue, Escondido, California. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the state of Illinois.

7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTUAL ALLEGATIONS

---

[1] https://www.arsnational.com/

10. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") said to be owed by Plaintiff.

11. The subject debt stems from a personal line of credit Plaintiff received from WebBank, which was used for Plaintiff's personal purposes.

12. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

13. On or about January 16, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Collection Letter to Plaintiff, attached hereto as* **Exhibit "A"**.

14. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

15. The top right portion of the collection letter provides the following information in connection with the subject debt:

> **ACCOUNT IDENTIFICATION**
> Serviced By: LendingClub Corporation
> Current Creditor: Consumer Loan Underlying Bond (Club) Certificate Issuer Trust I
> Original Creditor: WebBank
> Account No.: ▮
> ARS Reference No.: ▮
> Total Loan Balance: $16,982.58
> Past Due Amount: $1,485.76

16. The first paragraph of Defendant's Collection Letter then states:

3

> ARS is a national organization experienced in helping customers resolve their past due balances. LendingClub Corporation has placed your account referenced above with ARS in order to assist you in bringing the account current. As of the date of this letter, you owe $16,982.58. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater and an adjustment may be necessary after we receive your payment. Once your account is current, ARS will help you work with LendingClub Corporation in order to have your account returned to them for servicing.

17. Defendant's Collection Letter further directed that payments be made to Defendant. *Exhibit A*.

18. As the initial written communication Plaintiff received from Defendant, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. §1692g(a)(2).

19. However, Defendant's Collection Letter fails to identify the creditor *to whom the subject debt is owed* with sufficient clarity, as Plaintiff was confused, as would the unsophisticated consumer, as precisely to whom the subject debt was owed at the time Defendant sent its collection letter.

20. At no point does Defendant's Collection Letter explicitly identify the creditor to whom the subject debt is owed.

21. Instead, Defendant merely identifies a "current creditor" as Consumer Loan Underlying Bond (Club) Certificate Issuer Trust I ("Club").

22. However, Defendant's identification of the current creditor is undercut by the subsequent statements that the subject debt was placed with Defendant by LendingClub Corporation ("LendingClub") and that Defendant would help Plaintiff work with LendingClub if he became current.

23. Such representations, coupled with the notion that payment was to be made to Defendant, represented to Plaintiff that LendingClub would be the entity on whose behalf Defendant would be accepting payment.

4

24. Defendant's conflicting and confusing representations regarding the subject debt confused Plaintiff as to whether Club, or LendingClub, was the creditor to whom the subject debt was owed at the time Defendant sent its collection letter.

25. Defendant's failure, in addition to confusing and misleading Plaintiff, similarly leaves the unsophisticated consumer in doubt about to whom an alleged debt is owed.

26. Defendant's attempts to identify the creditor to whom the subject debt was owed created unnecessary guesswork on the part of Plaintiff, and similarly creates such guesswork for the unsophisticated consumer.

27. Defendant's failure to identify the creditor to whom the subject debt was owed was false, deceptive, and misleading and is in violation of the FDCPA.

28. The collection letter deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

29. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed deprived Plaintiff of being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

30. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

### CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on his own behalf and as a class action on behalf of the following class:

> All persons in the state of Illinois who received a collection letter in the form of *Exhibit A* from Defendant during the one year preceding

5

>the filing of this action through the date of class certification that identifies Club as the "current creditor" and LendingClub as the entity that placed an account with Defendant.

32. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

33. Upon information and belief, the Class consists of dozens or more persons throughout the state of Illinois, such that joinder of all Class members is impracticable.

34. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA, particularly because these are form Collection Letters and are based on a common course of conduct by Defendant.

35. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

36. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

37. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA by sending collection letters to Class members without sufficiently disclosing the creditor to whom a debt is owed; and (ii) the type and amount of relief to which the Plaintiff and Class members are entitled.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on

judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

39. Based on discovery and further investigation (including, but not limited to, Defendant's disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the collection letter attached as *Exhibit A*.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff repeats and realleges paragraphs 1 through 39 as though fully set forth herein.

   **a. Violations of 15 U.S.C § 1692e**

41. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

43. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the Collection Letter letter. Defendant's Collection Letter misled and deceived Plaintiff, and similarly misleads and deceives the

7

unsophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts.

### b. Violations of FDCPA § 1692g(a)(2)

44. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

45. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. Defendant's confusing and conflicting representations regarding the current creditor, entity that placed the subject debt with Defendant, and entity on whose behalf Defendant was accepting payment falls woefully short of providing the clarity to Plaintiff and unsophisticated consumers required by the Seventh Circuit.

WHEREFORE, Plaintiff, CRISTETO GRANADA, respectfully requests that this Honorable Court grant the following:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of his counsel as Class Counsel;

c. Statutory damages under 15 U.S.C. § 1692k(a);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 18, 2020                                                Respectfully submitted,

s/ Nathan C. Volheim                                        s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                 Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                               Counsel for Plaintiff

Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com